**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RYAN DA SILVA ERNANDES,

Petitioner,

v. Case No. 3:26-cv-2231-WWB-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY, et al.,

Respondents.

---

**ORDER**

Petitioner, an immigration detainee, initiated this action by filing a Petition for Writ of Habeas Corpus on August 21, 2026. (Doc. 1). Upon review of Petitioner's allegations and arguments, the Court construes the Petition as challenging his mandatory detention under 8 U.S.C. § 1225. (*See generally id.*). As relief, Petitioner requests immediate release or an individualized bond hearing. (*Id.* at 5).

Federal Respondents filed a Response advising that on August 12, 2026, Petitioner received an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226. (Doc. 6 at 1–2). After considering evidence, the immigration judge denied Petitioner bond, finding he was a danger to the community based on his

> police report from his criminal conviction explaining that "[a]ccording to a police report, the respondent placed his hand around the victim's neck and choked her, and she could not breathe, so she started yelling. A respondent's friend came over and separated the two. The victim stated that the last thing she remembers is that the respondent was on top of her, choking her.

(*Id.* at 2). According to Respondents, Petitioner had until September 11, 2026, to appeal the bond decision. (*Id.*). As such, they argue that the Petition should be denied as moot. (*Id.*).

Here, Petitioner is not entitled to immediate release. *See, e.g.*, *Valiente Perez v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2417, 2026 WL 2730233, at *1 (M.D. Fla. Sept. 16, 2026) (recognizing that the "comfortable majority position" is that an alien held under 8 U.S.C. § 1226(a) "is entitled to a bond hearing[,] . . . not immediate release" (quoting *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025))). And because Petitioner received the only relief requested in his Petition for which he was entitled—a bond hearing—the Court finds the Petition to be moot. To the extent Petitioner disagrees with the outcome of the bond hearing, he may appeal the immigration judge's decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b)(7). Or he may seek a new bond hearing if he can demonstrate a material change in circumstances since the prior bond redetermination. *See* 8 C.F.R. § 1003.19(e).

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **DISMISSED as moot.**
2. The Warden's Motion to Dismiss (Doc. 5) is **DENIED as moot**.
3. Petitioner's Motion for Leave to file Reply (Doc. 7) is **GRANTED only to the extent** that the Court considered his attached Reply.
4. The Clerk is **DIRECTED** to enter judgment dismissing the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida on November 3, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Ryan Da Silva Ernandes, A231635529
Counsels of Record